**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Cary Peterson, | Case No. 2:24-cv-02265-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Siegel Group Nevada Inc.; et al., | |
| Defendants. | |

Pro se Cary Peterson filed an application to proceed *in forma pauperis* (meaning without paying the filing fee). (ECF No. 6). However, the Court is unable to determine if Plaintiff qualifies for *in forma pauperis* status from the information provided in the application. The Court thus denies Plaintiff's application without prejudice. Plaintiff has also filed a "notice" on the docket, which document is not properly filed with the Court. The Court thus strikes the notice. Additionally, Plaintiff's mail was returned as undeliverable. So, the Court orders Plaintiff to update his address.

**I.      Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

It is unclear from Plaintiff's application whether he qualifies for *in forma pauperis* status. For example, in response to the portion of question two, asking Plaintiff to "describe…each source of money and state the amount that you received and what you expect to receive in the future," Plaintiff outlines certain stipends and loans he has received. However, while it appears that Plaintiff has already received these sums, Plaintiff does not explain what he expects to receive in the future. So, it is unclear to the Court whether Plaintiff received this money on a one-time basis, or whether he expects to receive these sums, or other sums, in the future. In response to question eight, Plaintiff states that he owes money to the "Government" in an uncertain amount, so Plaintiff does not "describe the amounts owed and to whom they are payable" as required. Additionally, Plaintiff includes "Federal Student Loan - $4400 (monthly payments current)." But Plaintiff does not include these monthly payments in his monthly expenses in response to question six. And it is unclear if the total amount he owes on his student loans is $4,400 or if that is the amount of his monthly payments.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma*

*pauperis* application on this Court's application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that Plaintiff receives, state the amount received, and what Plaintiff expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

Additionally, Plaintiff has filed a series of emails on the docket, styled as a "notice." However, Plaintiff does not include any information about what these emails are or why he filed them. And while the emails are named on the docket as a "notice," they are not otherwise styled as a notice. *See* LR IA 7-1(b) (explaining that all communications with the court must be styled as a motion, stipulation, or notice). So, the Court strikes the filing. *See* LR IA 7-1(b).

Finally, the Court's mail to Plaintiff was returned as undeliverable. (ECF No. 13). The Nevada Local Rules require that "[a]n attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." LR IA 3-1. That rule further provides that "[f]ailure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id.* So, Plaintiff must update his address with the Court.

///

///

///

1  **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*
2  *pauperis* (ECF No. 6) is **denied without prejudice.**

3  **IT IS FURTHER ORDERED** that Plaintiff has until **March 26, 2025,** to file an updated
4  application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  **Failure**
5  **to timely comply with this order may result in a recommendation to the district judge that**
6  **this case be dismissed.**

7  **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff
8  a copy of this order and of the short form application to proceed *in forma pauperis* and its
9  instructions.[1]

10  **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** the
11  notice filed at ECF No. 14.

12  **IT IS FURTHER ORDERED** that Plaintiff must update his address with the Court on or
13  before **March 26, 2025.  Failure to comply with this order may result in a recommendation**
14  **to the district judge that this case be dismissed.**

16  DATED: February 24, 2025,

18  DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.