UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cary Peterson,<br><br>              Plaintiff,<br><br>v.<br><br>The Siegel Group Nevada Inc.; et al.,<br><br>              Defendants. | Case No. 2:24-cv-02265-APG-DJA<br><br>**Report and Recommendation** |

      The Court recommends dismissing this action because Plaintiff has not complied with the Court's order requiring him to file an updated application to proceed *in forma pauperis* or pay the filing fee and requiring him to update his address. (ECF No. 15). The Court further recommends denying Plaintiff's pending motion. (ECF No. 17). That motion is titled a "request [for] electronic access to the court" but actually seeks a temporary restraining order. (*Id.*). Regardless of what relief the motion actually seeks, Plaintiff has not demonstrated that he is entitled to either electronic access or a temporary restraining order.

      **I.      Dismissing this action.**

      On February 24, 2025, the Court gave Plaintiff until March 26, 2025, to file an updated application to proceed *in forma pauperis* or pay the filing fee. (ECF No. 15). The Court also ordered Plaintiff to update his address on or before March 26, 2025. (*Id.*). In doing so, the Court informed Plaintiff that "**[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**" (*Id.*) (emphasis in original). That date has passed, and Plaintiff has not filed an application to proceed *in forma pauperis* or paid the filing fee. He has also not updated his address and his mail has been returned as undeliverable. (ECF No. 18). So, the Court recommends dismissal of this case.

      The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. *Dollar v. Las Vegas Metropolitan Police Dep't*, No. 2:15-cv-00712-APG-CWH, 2017 WL 3666301, at *1-2 (D. Nev. Aug. 24, 2017). Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). "Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine*, 460 F.3d at 1226. It is within the court's discretion whether to impose dismissal sanctions. *Id.*

Here, the first two factors weigh in favor of terminating sanctions. Plaintiff has not complied with this Court's order, which is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Plaintiff's failures to comply with the Court's order has also interfered with the Court's management of its docket. The third and fourth factors also weigh in favor of terminating sanctions. Given that Plaintiff has not paid the filing fee or applied to proceed *in forma pauperis*, their case has not proceeded to the service stage and there are no active defendants in this case. And the Court cannot reach the merits of this case if Plaintiff does not pay the filing fee or apply to proceed *in forma pauperis*. Finally, sanctions less drastic than terminating sanctions are unavailable because Plaintiff has failed to comply with a

Court order.  So, the Court has no reason to believe that Plaintiff would comply with future court orders.  Moreover, if Plaintiff does not update his address, the Court cannot reliably communicate with Plaintiff.  So, the Court recommends dismissal of this action without prejudice.  A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

## II.     Denying Plaintiff's motion.

The Court also recommends denying Plaintiff's pending "motion to request electronic access to the Court."  (ECF No. 17).  While Plaintiff's document is titled a "motion to request electronic access to the court," his motion does not seek that relief.  Instead, the body of his motion asks the Court to issue a temporary restraining order.  However, regardless of which relief Plaintiff actually seeks, he has not shown that he is entitled to that relief.

Plaintiff has not actually sought the Court's authorization to register as an electronic filer.  *See* LR IC 2-1.  And simply titling his document as requesting this relief is not sufficient to actually request it.  *See* LR 7-2(a) (explaining that motions must be supported by a memorandum of points and authorities); *see In re Cohen*, 656 B.R. 798, 805 (B.A.P. 9th Cir. 2023) ("it is the substance, not the caption or label of a motion, which determines how a motion should be construed"); *see United States ex rel. Hoggett v. University of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (explaining that "[a] motion's nomenclature is not controlling" and that courts "must therefore look to the substance, not simply the title," of a motion) (internal citations and quotations omitted).  So, the Court recommends denying his motion to the extent he requests authorization to register as an electronic filer.

Plaintiff has also not shown that he is entitled to a temporary restraining order because he has not shown likelihood of success on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995) (explaining that the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction).  Instead, Plaintiff's assertions in his

motion are largely conclusory and reference vague pieces of evidence that he does not attach. So, the Court recommends denying his motion to the extent he requests a temporary restraining order.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be **dismissed** without prejudice and his motion filed at ECF No. 17 be **denied**. The Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: April 16, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE